# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DUNNET BAY CONSTRUCTION COMPANY, an Illinois Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 10-3051 ) |
| GARY HANNIG, in his official capacity as Illinois Secretary of Transportation, and ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Dunnet Bay Construction Company's (Dunnet Bay) Motion to Compel Production by Governor Quinn and the Office of the Governor (d/e 58). Dunnet Bay sent a subpoena duces tecum to Illinois Governor Pat Quinn and the Office of the Governor (collectively the Governor). In response, the Governor produced certain documents and withheld other documents under claims of privilege. Dunnet Bay moves to compel the Governor to produce the withheld documents. The Court has inspected the documents at issue *in camera*. After careful review and consideration of the submissions of

Dunnet Bay and the Governor, and the *in camera* inspection, the Motion is ALLOWED in part and DENIED in part.

BACKGROUND

Dunnet Bay brings this action under 42 U.S.C. §§ 1981, 1983, 2000d, 740 ILCS 23/5 against the Defendant Illinois Department of Transportation (Department) and Illinois Transportation Secretary Gary Hannig for alleged racial discrimination in awarding highway construction contracts in Illinois. Second Amended Complaint (d/e 19). On January 7, 2011, Dunnet Bay mailed a subpoena duces tecum (Subpoena) to the Governor by certified mail return receipt requested. On April 12, 2011, counsel for the Governor notified Dunnet Bay's counsel that documents were being collected. The Governor produced documents along with a privilege log of withheld documents on October 26, 2011. Dunnet Bay objected to the adequacy of the privilege log by letter dated October 28, 2011. Counsel for the Governor was delayed in responding to the October 28, 2011, letter because of the birth of his child and subsequent complications with the health of the child. Motion, Exhibit H, Letter from Counsel for Governor, dated December 1, 2011.

On December 1, 2011, counsel for the Governor responded with some additional documents and a revised privilege log. Dunnet Bay filed this Motion on January 19, 2012.

## ANALYSIS

A party to an action, such as Dunnet Bay, may subpoena documents from a third party, such as the Governor. Fed. R. Civ. P. 45(a)(1)(D). The Governor must raise objections to the subpoena in writing. Fed. R. Civ. P. 45(c)(2)(B). The Governor, further, must provide a privilege log for any documents withheld under the claims of privilege. Fed. R. Civ. P. 45(d)(2). Dunnet Bay may then seek an order compelling production of any withheld documents. Fed. R. Civ. P. 45(c)(2)(B)(ii).[1]

Initially, both parties argue that the other waived its position. Dunnet Bay argues that the Governor waived its right to raise its claims of privilege because the response to the Subpoena was not timely. The Governor argues that Dunnet Bay waived its right to compel production because the Motion was untimely. The Court rejects both parties' arguments.

Dunnet Bay argues that the Governor failed to assert claims privilege within fourteen days of service of the Subpoena. See Fed. R. Civ. P. 45(c)(2)(B). Rule 45(c)(2)(B) states the party served with a subpoena must serve objections in writing within fourteen days after the subpoena was served. Dunnet Bay, however, failed to properly serve the Subpoena. Subpoenas must be served personally. Fed. R. Civ. P. 45(b)(1); York

---

[1] The Motion only concerns the Governor's claims of privilege. The Court, therefore, does not address any issues of relevance or undue burden of production.

Group, Inc. v. Wuxi Taihu Tractor Co., Ltd., 632 F.3d 399, 402 (7th Cir. 2011); Murray v. Nationwide Better Health, 2011 WL 2293376, at *1 (C.D. Ill. June 9, 2011). Dunnet Bay improperly mailed the Subpoena to the Governor. The Court will not require the Governor to respond within fourteen days of service when proper service was never made.[2]

Dunnet Bay also argues that Governor waived the claims of privilege because the original privilege log was inadequate. This Court should not find a blanket waiver of privilege from an insufficient privilege log as long as the party subject to the subpoena acts in good faith to resolve deficiencies in the log. American National Bank and Trust Co. of Chicago v. Equitable Life Assurance Society of the United States, 406 F.3d 867, 879-80 (7th Cir. 2005). The Court finds that both parties have been acting in good faith, and so, waiver on this basis is not proper.

The Governor argues that Dunnet Bay waived its right to compel production because it waited too long to bring the Motion. The Scheduling Order (d/e 33) states that motions to compel must be brought within sixty days of the event that is the subject of the motion. Scheduling Order ¶ 5. The Governor argues that Dunnet Bay was required to bring the Motion

---

[2]The Court does not address whether the fourteen day requirement is limited to raising objections or includes asserting claims of privilege. See Tuite v. Henry, 98 F.3d 1411, 1416 (D.C. Cir. 1996), but see Ventre v. Daltronic Rental Corp., 1995 WL 42345, at *4 (N.D. Ill. February 2, 1995).

within sixty days of the October 26, 2011, production.  In this case, however, a significant portion of any delay was attributable to the family emergency of the counsel for the Governor.  The delay associated with the birth of counsel's child and the subsequent complications is understandable and entirely proper.  The Court, however, will not penalize Dunnet Bay for a commensurate delay in the filing of this Motion.

The Governor also argues that Dunnet Bay's Motion should be denied because Dunnet Bay did not meet and confer with the Governor to attempt to resolve this dispute before resorting to the Court.  Rule 37 requires the moving party to certify that it attempted to meet and confer with the non-disclosing person or party to resolve the difficulties before filing a motion to compel; Rule 45 does not.  <u>Compare</u> Fed. R. Civ. P. 37(a) <u>with</u> Fed. R. Civ. P. 45(c)(B)(i).  The authors of the Rules chose not to include a meet and confer requirement in Rule 45, and the Court will not impose such a requirement.  Dunnet Bay may proceed with the Motion, and the Governor may assert claims of privilege.

The Governor asserts three privileges:  deliberative process privilege, attorney-client privilege, and work product privilege.  Dunnet Bay argues that the deliberative process privilege is not available in this case.  Dunnet Bay also challenges the applicability of the attorney-client and work product privileges.  The Court agrees that the deliberative process privilege does

not apply. The Court further finds, after *in camera* inspection, that none of the documents listed in the Governor's privilege logs are protected by the work product privilege, and that certain documents are not protected by the attorney-client privilege.

The deliberative process privilege is recognized under federal common law. The privilege "protects communications that are part of the decision-making process of a governmental agency." United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993). Illinois, however, does not recognize any deliberative process privilege. People ex rel. Birkett v. City of Chicago, 184 Ill.2d 521, 533, 705 N.E.2d 48, 53(Ill. 1998). Federal common law regarding privileges controls in this case because Dunnet Bay asserts federal claims as well as state law claims. See Memorial Hosp. for McHenry County v. Shuder, 664 F.2d 1058, 1061 (7th Cir. 1981).

Dunnet Bay argues that the Court should follow Illinois law out of considerations of comity. The Court disagrees. The cases on which Dunnet Bay relies indicate that federal courts may sometimes apply state law privileges that would not otherwise be recognized by federal law out of considerations of comity; the cases do not support the contention that federal courts should not apply a federal privilege law when some of the plaintiff's claims are based on federal law. See Shuder, 664 F.2d at 1061;

Moorehead v. Lane, 125 F.R.D. 680, 682,-83 (C.D. Ill. 1989).  Dunnet Bay has asserted federal claims, and so, federal privilege law applies.

The deliberative process privilege, however, does not apply when the lawsuit puts at issue the intent of the officials making the governmental policy decision.  In re Subpoena Duces Tecum Served on Office of Comptroller of Currency, 156 F.3d 1279, 1279 (D.C. Cir. 1998); Segar v. Holder, 227 F.R.D. 9, 13 (D.D.C. 2011); Jones v. City of College Park, Ga., 237 F.R.D. 517, 520 (N.D. Ga. 2006).  Dunnet Bay alleges claims under 42 U.S.C. §§ 1981 and 1983.  Both claims require proof of intentional discrimination.  T.E. v. Grindle, 599 F.3d 583, 589 (7th Cir. 2010); Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 312 (7th Cir. 1996).  Thus, the intent of Defendant Hannig and the decision makers responsible for the Department's actions are at issue.  In such circumstances, the deliberative process privilege must yield to the interests of determining the governmental agents' intent.  Jones, 237 F.R.D. at 520.  The deliberative process privilege therefore does not apply in this case.  The claims of deliberative process privilege are overruled.

The work product privilege applies in this case; however, the Court finds, after *in camera* inspection, that none of the documents withheld are subject to the work product privilege.  The work product privilege applies to documents prepared in anticipation of litigation or for trial.  Fed. R. Civ. P.

26(b)(3).  None of the documents withheld were prepared in anticipation of litigation, or for trial.  Thus, the claims of work product privilege are overruled.

The attorney-client privilege applies to confidential communications made with an attorney in connection with the provision of legal services and in the context of an attorney-client relationship.  <u>United States v. BDO Seidman</u>, LLP, 492 F.3d 806, 815 (7th Cir. 2007).  The attorney-client privilege further attaches to communications between third parties who share a common legal interest.  <u>Id.</u> at 815-16; <u>Papered Chef v. Alexanian</u>, 737 F.Supp.2d 958, 964-66 (N.D. Ill. 2010).  After review of the documents, the Court finds that the Governor and the agencies of Illinois government under the control of the Governor had a sufficient common legal interest in this instance to apply the privilege to the confidential communications among their representatives.  The documents indicate that the Governor and the agencies involved were working together in relation to policies regarding government contracts and contractors owned by women and minorities.

The Court further finds, after *in camera* review, that most of the withheld documents are protected by the attorney-client privilege.  They consists of confidential communications made in connection with either seeking legal advice or rendering legal advice.

Some of the documents, however, are not protected by the attorney-client privilege. The Court overrules the claim of attorney-client privilege for the documents identified by the following Bates Stamp page numbers:

00084-00086;

1054;

1059;

1068;

1071-72;

1075-76;

1079-80;

1097;

1209-1217;

1219-20;

1222-27;

1229-33;

1235-36;

1238-39;

1241;

1443-48;

1740-78;

1813-1927;

1929 (item number 4, however, is privileged and should be redacted);

1930 (item number 4, however, is privileged and should be redacted);

1931-32 (item number 4, however, is privileged and should be redacted);

1935-40;

1965-67;

1976-81;

2091 (item number 4, however, is privileged and should be redacted);

2092 (item number 4, however, is privileged and should be redacted);

2101;

2105-06;

2108-10;

2115[3];

2116-17;

2153-59;

2165a-67;

2168-73; and

2175-76.

The Court finds that the documents listed above do not relate to the provision of legal service or legal advice, or are not confidential. The Court

---

[3]The Governor only asserted the deliberative process privilege for this document.

sustains the claim of attorney-client privilege as to the remaining documents.

The Governor asks a protective order for the documents to be disclosed. The parties and the Governor are directed to prepare an agreed protective order. If no agreement can be reached, any party or the Governor may file a motion with a proposed protective order.

WHEREFORE Plaintiff Dunnet Bay Construction Company's Motion to Compel Production by Governor Quinn and the Office of the Governor (d/e 58) is ALLOWED in part and DENIED in part. The Court overrules the claim of privilege under the deliberative process privilege and work product privilege. The Court overrules the claims of attorney-client privilege with respect to the documents listed in this Opinion. The Court sustains the claim of attorney-client privilege as to the remaining documents at issue. The Governor is directed to produce the documents listed in this Opinion by June 15, 2012. The parties and the Governor are directed to prepare an agreed protective order by May 21, 2012. If no agreement can be reached by that time, any party or the Governor may file a motion with a proposed protective order. The Motion is otherwise denied.

ENTER: May 7, 2012

        *s/ Byron G. Cudmore*
        BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE