# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DUNNET BAY CONSTRUCTION COMPANY, an Illinois corporation | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10-cv-3051 |
| GARY HANNIG in his official capacity as Secretary of Transportation for the Illinois Department of Transportation, and the ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Dunnet Bay Construction Company's (Dunnet Bay) Motion to Reconsider Opinion Issued May 7, 2012, or Alternatively to Alter or Amend Judgment (d/e 74) (Motion).  Dunnet Bay asks the Court to reconsider the Opinion entered May 7, 2012 (d/e 71) (Opinion).  For the reasons set forth below, the Motion is DENIED.

Interlocutory order, such as the Opinion, may be revised at any time before entry of judgment.  Fed. R. Civ. P. 54(b).  Typically, this Court will entertain motions to reconsider an order if the movant presents newly discovered evidence or demonstrates a manifest error of law.  See LB

Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). In this case, Dunnet Bay presents newly discovered evidence. After careful consideration, the Court concludes that the newly discovered evidence does not merit reconsideration of the Opinion.

The Opinion addressed Dunnet Bay's Motion to Compel Production by Governor Quinn and the Office of the Governor (d/e 58). Dunnet Bay sought to compel non-parties Illinois Governor Pat Quinn and the Office of Governor (collectively, the Governor) to produce documents pursuant to a subpoena duces tecum. The Governor had asserted claims of privilege for the documents at issue. The Court ordered the Governor to produce some documents, but held that other documents were privileged. The Court further found that some of the documents were privileged even though the documents were shared with persons in other agencies within Illinois state government. The Court found that the other agencies shared a common legal interest with the Governor. Opinion, at 8.

The Defendants Illinois Secretary of Transportation Gary Hannig and the Illinois Department of Transportation (Department) have now produced some of the same privileged documents in response to Dunnet Bay's discovery requests. Motion, at 2, and attached Exhibit 1. The Department was one of the agencies that shared a common interest with the Governor and had access to some of the privileged documents. Dunnet Bay argues

that this disclosure by the Defendants constitutes a selective waiver of the Governor's claim of privilege. Dunnet Bay asks the Court to reconsider the Opinion in light of this selective waiver of privilege and order the Governor to produce all documents within the scope of the waiver.

The Court will not reconsider the Opinion on these grounds. The Court sees no waiver of privilege by the Governor. In the context of the common interest doctrine, a waiver of privilege requires the consent of all parties. United States v. BDO Seidman, LLP, 492 F.3d 806, 817 (7th Cir. 2007). The disclosure by the Defendants, thus, cannot constitute a waiver of the Governor's claim of privilege without the consent of the Governor. Dunnet Bay presents no evidence of such consent. The Governor's claim of privilege has not been waived, and thus the Court will not reconsider the Opinion.

WHEREFORE Plaintiff Dunnet Bay Construction Company's (Dunnet Bay) Motion to reconsider Opinion Issued May 7, 2012, or Alternatively to Alter or Amend Judgment (d/e 74) is DENIED.

ENTER:   July 2, 2012

      *s/ Byron G. Cudmore*
      BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE